James M. Green, Bar No. 032211
Quacy L. Smith, Bar No. 033515
**Smith & Green, Attorneys at Law, P.L.L.C.**
3101 North Central Ave., Suite 690
Phoenix, Arizona 85012
Phone: (602) 812-4600
Fax: (888) 913-2345
jgreen@smithgreenlaw.com
qsmith@smithgreenlaw.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Abdullahi Omar, an individual; and<br><br>Plaintiff,<br><br>v.<br><br>State of Arizona, a public entity, Arizona Department of Corrections, a public entity,<br><br>Defendants. | **Case No.**<br><br>**COMPLAINT**<br><br>Jury Trial Demanded |

Abdullahi Omar ("Plaintiff"), by and through undersigned counsel, for his complaint against the State of Arizona and the Arizona Department of Corrections ("Defendants"), alleges as follows:

## PARTIES AND JURISDICTION

1. This action is authorized and instituted pursuant to 42 U.S.C. § 12101, et seq., which is also known as the Americans with Disabilities Act ("ADA") and pursuant to 42 U.S.C. § 2000 et seq., which is also known as Title VII of the Civil Rights Act ("Title VII").

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b).

4. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

5. Plaintiff, at all times material hereto, resided in Pima County, Arizona.

6. Defendant, at all times material hereto, was an Arizona corporation that continuously operated within the state of Arizona.

7. Defendant, at all times material hereto, employed at least 15 employees.

**STATEMENT OF FACTS**

8. Plaintiff was previously diagnosed with Hepatitis B. Specifically, Plaintiff is an inactive carrier of Hepatitis B, meaning he has an almost undetectable viral load and is not a contagious carrier.

9. On or about January 13, 2015, Plaintiff applied to work for Defendants as a Correctional Officer.

10. On or about January 14, 2015, Plaintiff was required to take an oral and written examination to determine his eligibility for the position. Plaintiff passed both examinations.

11. On or about January 14, 2015, Plaintiff received a conditional job offer from Defendants. The offer for the position was contingent upon the successful completion of a medical and physical examination.

12. On or about February 6, 2015, Plaintiff completed the physical examination. Plaintiff passed the physical examination without requiring any sort of accommodation.

13. On that same day, Plaintiff also completed the medical examination. The medical examination was conducted through a third-party vendor, Medicine for Business

2

and Industry Industrial Med Incorporated (MBI), contracted by Defendants.

14. On or about February 2, 2015, Plaintiff disclosed to Defendants that he has Hepatitis B.

15. Upon receiving this information, the MBI physician was required to complete a Training Release Form. On or about March 11, 2015, the MBI physician completed Plaintiff's Training Release Form, releasing him to fully participate in all activities potentially required of him at the Correctional Officer Training Academy.

16. On or about March 17, 2015, Plaintiff's physician also completed Plaintiff's Health History and Pre-Employment Exam Form and indicated Plaintiff passed the pre-employment examination.

17. On or about March 25, 2015, Plaintiff's Health History and Pre-Employment Exam Form was submitted to Defendants' Occupational Health Unit (OHU).

18. Plaintiff's Health History and Pre-Employment Exam Form was reviewed by OHU and marked erroneous by an OHU Administrator. Despite the MBI physician passing Plaintiff, Defendants' OHU considered his Health History and Pre-Employment Exam Form invalid due the fact that he has Hepatitis B.

19. Based on Defendants' Medical Physical Requirements for Appointment, a candidate for employment must "be free of contagious, infectious or incapacitating conditions that pose a significant risk of substantial harm to the health or safety of the individual or others in the performance of duty and that cannot be eliminated or reduced by reasonable accommodation."

20. Defendants notified MBI of this alleged error and, on or about March 25, 2015,

3

1  MBI proceeded to complete a new Health History and Pre-Employment Exam Form that
2  indicated Plaintiff failed this portion of the application process.
3      21.   On the same day, Plaintiff was notified that he was ineligible for the position
4  due to his medical condition.
5      22.   The Disqualification Letter Plaintiff received from Defendants on or about
6  March 25, 2015, stated Plaintiff could apply for a medical waiver to become eligible again
7  for the position.
8      23.   Plaintiff submitted a medical waiver to Defendants along with medical
9  documentation from his health care provider.
10     24.   On or about April 15, 2015, Defendants denied Plaintiff's medical waiver and,
11 again, reaffirmed he was not eligible for the Correctional Officer position due to his medical
12 condition.
13     25.   In or around 2015, Plaintiff filed a charge of discrimination with the U.S. Equal
14 Employment Opportunity Commission (EEOC) alleging that Defendants discriminated
15 against him based on his disability in violation of the Americans with Disabilities Act of
16 1990, as amended, and based on his national origin in violation of Title VII of the Civil
17 Rights Act of 1964, as amended.
18     26.   Through its investigation, the EEOC issued the determination that there is
19 reasonable cause to believe that Defendants discriminated against Plaintiff. A copy of EEOC
20 Letter of Determination is attached hereto as **Exhibit A** and incorporated herein.
21     27.   On or about May 3, 2022, the U.S. Department of Justice issued Plaintiff a
22 Notice of Right to Sue (NRTS). As of the date of this complaint, it has been less that ninety
23

4

(90) days since Plaintiff received his NRTS. A copy of the NRTS is attached hereto as **Exhibit B** and incorporated herein.

## CAUSES OF ACTION

**FIRST CAUSE OF ACTION – DISCRIMINATION UNDER THE ADA**
(42 U.S.C. § 12112, et seq.)

28. Plaintiff realleges and incorporates by reference all previous allegations contained in the foregoing paragraphs as though fully set forth herein.

29. Plaintiff is a qualified individual under 42 U.S.C. § 12111(8) of the Americans with Disabilities Act of 1990 ("ADA"), because he is an individual who, with or without reasonable accommodation, can perform the essential function of his employment position.

30. Plaintiff's disability had absolutely no effect on his ability to perform the essential functions of the Correctional Officer position and he did not require any kind of accommodation.

31. In fact, Plaintiff successfully performed a similar job from 2006 to 2011 at the Arizona Department of Juvenile Corrections.

32. Plaintiff passed all necessary written, oral, and physical examinations required to be eligible for the Correctional Officer position.

33. Plaintiff was disqualified from receiving the position of Correctional Officer solely because of a discriminatory policy Defendants instituted and continues to follow.

34. Plaintiff's disability would not have affected his ability to perform the position of Correctional Officer, and Defendants' actions denying Plaintiff of the position based exclusively on his disability, was discriminatory and in violation of the ADA.

35. Therefore, Defendants subject Plaintiff to unlawful discrimination based on his

disability in violation of the ADA.

## SECOND CAUSE OF ACTION – NATIONAL ORIGIN BASED DISCRIMINATION UNDER TITLE VII
(42 U.S.C. § 2000, et seq.)

36. Plaintiff realleges and incorporates by reference all previous allegations contained in the foregoing paragraphs as though fully set forth herein.

37. Upon information and belief, Hepatitis B disproportionately impacts individuals of Plaintiff's national origin, and denying employment based on Hepatitis B has disproportionate disparate impact on individuals with the same national origin as Plaintiff.

38. Defendants maintained an unlawful employment policy and practice by denying individuals of positions as a result of being diagnosed with Hepatitis B in violation of Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000, which states "It shall be an unlawful employment practice for an employer to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race color, religion, sex, or national origin."

39. In denying Plaintiff employment due to a condition that has a significant disproportionate disparate impact on individuals of a certain national origin, Defendants participated in discriminatory employment practices and unlawfully discriminated against Plaintiff based on his national origin.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants, as follows:

- For general and compensatory damages in the amount to be proven at trial;
- For punitive damages in an amount to be proven at trial;
- For Plaintiffs' reasonable attorney fees and costs related to this action pursuant to 42 U.S.C. § 1988;
- For injunctive relief; and
- For such other relief as the court deems just and proper.

DATED this 1st day of August 2022.

SMITH & GREEN, ATTORNEYS AT LAW, P.L.L.C.

*/s/James M. Green*
James M. Green, Esq.
*Attorney for Plaintiff*

**ORIGINAL** of the foregoing efiled this 1st day of August 2022, with:

Clerk of the Superior Court
Maricopa County Superior Court
201 W. Jefferson Street
Phoenix, Arizona 85003-2243

7