**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Abdullahi Omar,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>State of Arizona, et al.,<br><br>　　　　　Defendants. | No. CV-22-01292-PHX-MTL<br><br>**ORDER** |

**I.**

Plaintiff Abdullahi Omar sues the State of Arizona and the Arizona Department of Corrections for discrimination under the Americans with Disabilities Act and Title VII of the Civil Rights Act. Mr. Omar was conditionally offered a corrections officer position with the Arizona Department of Corrections. (Doc. 1 at ¶ 11) During the pre-employment medical and physical examination period, Mr. Omar disclosed that he has a noncommunicable form of Hepatitis B. (*Id.* at ¶ 14) Knowing about this, a third-party medical evaluator evaluated and cleared Mr. Omar for employment. (*Id.* at ¶ 16) The Department of Corrections' Occupational Health Unit, however, determined that the condition does not comply with a policy requiring that applicants for employment "be free of contagious, infections or incapacitating conditions that pose a significant risk of substantial harm to the health or safety of the individual or others in the performance of duty and that cannot be eliminated or reduced by reasonable accommodations." (*Id.* at ¶ 19) The Department of Corrections rescinded Mr. Omar's offer of employment. (*Id.* at ¶ 21)

The Court now considers Defendants' Motion to Dismiss. (Doc. 14) Mr. Omar's response concedes that the Department of Corrections is a non-jural entity and should be dismissed. (Doc. 19 at 3) He also agrees that the State of Arizona is entitled to Eleventh Amendment immunity from suit under the Americans with Disabilities Act. (*Id.*) Mr. Omar opposes the rest of the Motion, but he offers to amend his Complaint. The Court will grant the Motion and dismiss the Department of Corrections with prejudice, dismiss the Americans with Disabilities Act claim against the State of Arizona with prejudice, and, in all other respects, grant the Motion with leave to amend.*

## II.

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it contains "factual content that allows the court to draw the reasonable inference" that the moving party is liable. *Id*. At the pleading stage, the Court's duty is to accept all well-pleaded complaint allegations as true. *Id*. Facts should be viewed "in the light most favorable to the non-moving party." *Faulkner v. ADT Sec. Servs., Inc*., 706 F.3d 1017, 1019 (9th Cir. 2013). "[D]ismissal . . . is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quotation omitted).

## III.

The second claim for relief asserts a disparate impact discrimination cause of action under Title VII based on Mr. Omar's national origin. A disparate impact claim alleges that "employment practices that are facially neutral in their treatment of different groups . . . fall more harshly on one group than another and cannot be justified by business necessity." *Sheppard v. David Evans & Assoc.*, 689 F.3d 1045, 1049 n.1 (9th Cir. 2012) (quoting *Pottenger v. Potlach Corp.*, 329 F.3d 740, 749 (9th Cir. 2003)).

---

* The Court finds that the parties have sufficiently briefed the issues in the Motion and responsive brief. A reply brief is unnecessary and would not significantly aid the analysis.

> To make a prima facie case of disparate impact under Title VII, the plaintiff must show that a facially neutral employment practice has a significantly discriminatory impact upon a group protected by Title VII. This showing consists of two parts: the plaintiff must demonstrate 1) a specific employment practice that 2) causes a significant discriminatory impact. The plaintiff must also establish that the challenged practice is either (a) not job related or (b) [in]consistent with business necessity.

*Freyd v. Univ. of Oregon*, 990 F.3d 1211, 1224 (9th Cir. 2021) (cleaned up).

The Court finds that the Complaint fails to allege facts to support a prima facie case for disparate impact based on national origin. As far as the Court can tell, and broadly speaking, Mr. Omar's theory might be that persons of his national origin are more likely to carry Hepatitis B than others, so those persons of his national origin who have hepatitis B are disparately impacted by the hiring policy in violation of Title VII. (Doc. 1 ¶¶ 37, 38) Beyond asserting this naked theory, the Complaint makes no effort to allege plausible facts that might support the prima facie case elements. Indeed, the Complaint does not even identify the place of Mr. Omar's national origin. In another example, the Complaint only alleges that persons of his national origin are disproportionately impacted by Hepatitis B "[u]pon information and belief." (*Id.* ¶ 37) Neither *Twombly* nor *Iqbal* "prevent a plaintiff from pleading facts alleged upon information and belief." *Menzel v. Scholastic, Inc.*, 17-cv-05499-EMC, 2018 WL 1400386, at *2 (N.D. Cal. Mar. 19, 2018). "But while facts may be alleged upon information and belief, that does not mean that conclusory allegations are permitted. A conclusory allegation based on information and belief remains insufficient under *Iqbal*/*Twombly*." *Id*. For these reasons, and those asserted in the Motion, the Complaint falls far short of alleging the necessary facts to survive a motion to dismiss.

…

…

…

…

…

**IV.**

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss (Doc. 14) is granted as follows:

1. The Arizona Department of Corrections is dismissed from this case, with prejudice.

2. The First Claim for Relief, alleging discrimination under the Americans with Disabilities Act against the State of Arizona, is dismissed, with prejudice, for Eleventh Amendment immunity.

3. The Complaint is dismissed in all other respects with leave to amend. Plaintiff must file an amended complaint within 14 days of this Order.

Dated this 6th day of April, 2023.

Michael T. Liburdi
United States District Judge