**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Abdullahi Omar,<br><br>    Plaintiff,<br><br>v.<br><br>State of Arizona, et al.,<br><br>    Defendant. | No. CV-22-01292-PHX-MTL<br><br>**ORDER** |

**I.**

The Court previously dismissed Plaintiff Abdullahi Omar's First Amended Complaint ("FAC") for failure "to contain factual allegations that sufficiently support 'a claim to relief that is plausible on its face.'" (Doc. 29 at 4.) The Court granted Mr. Omar leave to amend and he filed a Second Amended Complaint ("SAC"). (*Id.*; Doc. 30.)

Defendant now moves to dismiss Mr. Omar's SAC on three grounds. (Doc. 31.) First, Defendant argues that this Court lacks subject matter jurisdiction and Mr. Omar lacks standing because he "fail[ed] to include plausible factual allegations showing that [he] suffered any harm fairly traceable to the October 2022 ADOC Policy and any related employment practice." (*Id.* at 7.) Second, Defendant claims that Mr. Omar "failed to exhaust administrative remedies with respect to the disparate impact claim solely based on the October 2022 ADOC policy, and such claim is not like or reasonably related to his April 2015 EEOC charge." (*Id.* at 8.) Finally, Defendant argues that Mr. Omar's SAC still does not allege facts to overcome a motion to dismiss on a disparate impact claim.

(*Id.* at 11-17.) For the following reasons, the Court will deny the Motion.

**II.**

A. The Court disagrees with Defendant's argument that Mr. Omar lacks standing and subject matter jurisdiction to bring his claim. Like the FAC, Mr. Omar's SAC cites to Defendant's Medical Physical Requirements for Appointment policy to explain which portion of the application process he allegedly failed. (Doc. 23 ¶ 28; Doc. 30 ¶ 37.) The SAC, however, includes a new citation to this policy, "Medical Physical Requirements for Appointment, *Revised October 18, 2022*." (Doc. 30 ¶ 37) (emphasis added.).) Defendant argues that this new citation is fatal to Mr. Omar's SAC because he failed to include "plausible factual allegations" that he suffered an injury in 2015 by a policy in effect in 2022. (Doc. 31 at 7-8.) But Mr. Omar's SAC clearly alleges that he was harmed by the state's hiring policy in 2015. (*See* Doc. 30 ¶¶ 26-42, 46, 54-55.) Based on the SAC's allegations, the Court finds that Mr. Omar has plausibly alleged a violation of the policy in place in 2015. That the SAC cites a recently revised policy does not undermine this conclusion. Rather, for the purposes of a motion to dismiss, it is reasonable to infer that the policy was revised after the relevant time frame and that any such revisions are immaterial to Mr. Omar's claims. *See Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022).

B. The Court also disagrees with Defendant's argument that Mr. Omar's SAC must be dismissed due to his failure to exhaust administrative remedies. Again, Mr. Omar's disparate impact claim appears to be reasonably related to his Equal Employment Opportunity Commission ("EEOC") charge. (Doc. 29 at 3.) In his EEOC charge, Mr. Omar indicated that his race, disability, and national origin related to a charge of discrimination, and that his medical condition "predominately affects persons of [his] background." (*Id.*) This Court previously found that taken together, this information "satisfies [Mr. Omar's] statutory obligation to exhaust the EEOC-level remedy." (*Id.*) And as the Court stated in its prior Order, even if Mr. Omar failed to exhaust his administrative remedies with the Equal Employment Opportunity Commission, "it would

still be inclined to allow [him] to bring forth his Title VII disparate impact claim." (*Id.*; *see Stache v. Int'l Union of Bricklayers & Allied Craftsmen*, 852 F.2d 1231, 1234 (9th Cir. 1988).

C. The Court also finds that Mr. Omar added sufficient factual allegations in the SAC to support "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Pursuant to the Court's previous Order, Mr. Omar alleged additional facts regarding "whether there is a significant discriminatory impact from Defendant's policy on a protected class group." (Doc. 29 at 4; Doc. 30 ¶¶ 17, 51-53.) Mr. Omar also raised a new factual allegation to explain how he "suffered harm as a result of Defendant's policy" (Doc. 29 at 5; Doc. 30 ¶ 55.)

For these reasons, the Court will deny Defendant's Motion to Dismiss.

## III.

Accordingly,

**IT IS ORDERED** denying Defendant's Motion to Dismiss Plaintiff's SAC (Doc. 31).

Dated this 2nd day of November, 2023.

Michael T. Liburdi
United States District Judge